## THE STATE OF IOWA,

FORT DES MOINE, NOVEMBER TERM, A. D. 1851.

In the fifth year of the State.

———•◆•———

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
 "  JOHN F. KINNEY, } JUDGES.
 "  GEORGE GREENE, } 

———•◆•———

### HOLLAND *v.* VANARD.

A note promising a payment of seventy-five dollars "on or before the fifteenth of April next," with a condition, "if paid by the first of April fifty dollars shall discharge the note;" held that an endorsement of fifty-five dollars and fifty cents on the ninth of April did not satisfy the note. The failure to pay by the time stipulated, made the penalty binding, and added that amount to the indebtedness.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J. Assumpsit before a justice of the peace by Holland against Vanard, on a promissory note. Judgment for the plaintiff.

Holland v. Vanard.

Appeal to district court by defendant. Cause submitted to the judge without a jury, by agreement, and judgment rendered against the plaintiff who has appealed to this court.

The only question involved, is the construction of the note, upon which, suit is brought. It is in these words:

"On or before the fifteenth of April next, for value received, I promise to pay G. Holland seventy-five dollars; and if paid by the first of April, fifty dollars shall discharge this note.                                       M. VANARD.

Fort Des Moines, Jan'y 5th, 1851."

Upon the back of the note the following payment was endorsed: "Received on the within note, fifty-five dollars and fifty cents, this 9th day of April, 1851." Evidence was admitted in relation to the transaction, but nothing to show any additional payment or any other intention of the parties than that expressed in the note. The court, therefore, decided that the payment of fifty-five dollars and fifty cents on the 9th of April, amounted to a satisfaction of the note. This decision we consider erroneous, and not agreeable to the expressed intention of the parties. Had the defendant availed himself of the condition of paying fifty dollars by the first of April, the note would have been satisfied, but as the note was not paid by that time, the plaintiff was entitled to the additional twenty-five dollars, as a stipulated penalty for non-payment. The promise to pay seventy-five dollars on or before the fifteenth day of April, became absolute as a debt increased by the agreed penalty, after the first of April. This is clearly indicated by the language of the note, and appears to have been the understanding of the parties when the payment of fifty-five dollars and fifty cents was endorsed upon the note. If that was intended by the defendants as a full payment, why was it endorsed upon the note? Why was the note left with

the plaintiff? Why was it not taken up and cancelled? It appears by the evidence embodied in the bill of exceptions, that on the third day of April, the plaintiff agreed with the defendant to accept an order for the fifty-five dollars and fifty cents, to he credited on the note, and the order was accordingly presented to the plaintiff and credited on the 9th of April. The order does not appear to have been either given or accepted as a discharge, but merely as a part payment to be credited on the note. The circumstances under which order was applied upon the note, and the language of that endorsement, and the fact that the note was left with the plaintiff, all unite in showing that the defendant still considered himself indebted to the plaintiff on the note. But no doubt can be entertained as to the intentions of the parties as expressed in that instrument. It is free from ambiguity, and explicitly declares the intention of the parties ; and as no want or failure of consideration is indicated by the evidence, we conclude that the court placed an erroneous construction upon the note, and should have rendered judgment against defendant for the balance due.

Judgment reversed.

*P. M. Casady* and *R. S. Tidrick*, for appellant.

*J. M. Perry* and *C. Bates*, for appellee.